IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IN RE FARMERS INSURANCE EXCHANGE   )
CLAIMS REPRESENTATIVES' OVERTIME   )
PAY LITIGATION                     )   MDL DOCKET NO. 33-1439
                                   )
                                   )   <u>OPINION AND ORDER</u>
                                   )

N. Robert Stoll
Jennifer A. Sammon
STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR  97204

Steve Zieff
RUDY EXELROD & ZIEFF, L.L.P.
351 California Street, Suite 700
San Francisco, CA  94104

James Finberg
LIEFF CABRASER, ET AL.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111

Todd Jackson
LEWIS & FEINBERG, P.C.
436 - 14th Street, Suite 1505
Oakland, CA 94612-2703

   Attorneys for Plaintiff

Barnes Ellis
STOEL RIVES, L.L.P.
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204

Lee Paterson
Jessie Kohler
WINSTON & STRAWN
38th Floor, 333 South Grand Avenue
Los Angeles, CA 90071

   Attorneys for Defendant

JONES, Judge:

Pursuant to Federal Rule of Civil Procedure 53, on April 12, 2004, I appointed The Honorable Edwin J. Peterson to serve as special master for the damages phase of this multidistrict overtime pay litigation. By January 13, 2005, Special Master Peterson had completed all hearings and other proceedings on damages, and in late March 2005, filed the following with the court:

1. Report and Amended Report of Special Master in Accordance with Fed. R. Civ. Pro. 53(f) (## 1744, 1756);

2. Order and Corrected Order Finding that Certain Persons are Not Class Members (## 1745, 1758);

3. Order and Corrected Order Regarding Class Members Awarded No Damages (## 1746, 1757);

4. Stipulation and Order re Damages Worksheets and Calculations for Property, Multi-Line and Foremost Claims Representatives (# 1743); and

2 - OPINION AND ORDER

> 5. Seventeen Volume Special Master Record.

These documents embody a tremendous and dedicated amount of time and effort by Special Master Peterson and the parties to bring this MDL to final resolution. Of the thousands of claims questionnaires mailed, the Special Master received 1,498 completed questionnaires. Most of the challenged questionnaires eventually settled, requiring the Special Master to conduct only three contested hearings. In total numbers (and not including the Minnesota state class members[1]), the Special Master determined that 945 class members are entitled to recover a combined total of $48,565,320.54; 1613 class members are not entitled to recover damages; and 39 claimants are not actually class members.

On April 14, 2005, in accordance with Rule 53(g), plaintiffs filed objections to the Special Master Report and Amended Report. On April 25, 2005, defendant filed a response. The parties have submitted the objections to me for determination without oral argument. For the reasons explained below, plaintiffs' objections are overruled in their entirety, and I adopt the Special Master Report and Amended Report and all associated Orders and Corrected Orders in full.

## DISCUSSION

As a preliminary matter, plaintiffs' specific objections all focus on orders issued by Special Master Peterson between April 26, 2004, and February 28, 2005. Defendant thus argues that plaintiffs' objections are not timely because they were filed more than 20 days after the various orders were served. See Fed. R. Civ. P. 53(g)(2) ("[a] party may file objections to * * *

---

[1] Final judgment has been entered in favor of 94 Minnesota class members, who were awarded a total of $3,933,068.66.

3 - OPINION AND ORDER

the master's order, report, or recommendations no later than 20 days from the time the master's order, report, or recommendations are served, unless the court sets a different time").

Defendant is correct that plaintiffs did not object to any of the Special Master's specific orders or rulings within the 20-day period. The Advisory Committee Notes to the 2003 Amendments to subsection (g)(2) explain, however, that the time limits are not jurisdictional. In view of the significance of this multi-district proceeding and to create a complete record, I have given full consideration to plaintiffs' objections and defendant's response.

The Order Appointing Special Master, which the parties approved, specifies the scope of review of the Special Master's rulings:

> Justice Peterson shall make findings of fact and conclusions of law to effectuate the powers and authority granted to him by this Order, and shall submit to the parties and to the Court such findings and conclusions promptly after they are rendered. Any findings of fact may be reviewed by this Court only for clear error; conclusions of law, if any, may be reviewed by this Court de novo.

Order Appointing Special Master (# 577), p. 3, ¶ 7. I review procedural rulings for abuse of discretion. Fed. R. Civ. P. 53(g)(5).

PLAINTIFFS' OBJECTIONS

1. Individualized Damages Determination

Plaintiffs contend that the Special Master should have resolved the damages issues on an aggregate basis, rather than on an individualized basis through the use of individual claims questionnaires and damages calculations. I disagree. This issue was raised and discussed in a hearing before me on February 23, 2004, after completion of the liability phase. In part based on that discussion, I appointed Justice Peterson as Special Master to determine plaintiffs' damages, and gave him the power and responsibility to decide the procedures by which those

4 - OPINION AND ORDER

determinations would be made. In keeping with that responsibility, shortly after his appointment, on April 26, 2004, Special Master Peterson held a hearing concerning damages-phase procedures, ultimately denying plaintiffs' request that class member claims be determined on an aggregate basis. In doing so, Special Master Peterson committed no legal error or abuse of discretion. Consequently, plaintiffs' objection is overruled.

2. <u>Non-Responding Current Employees</u>

Plaintiffs object to the Special Master's decision to deny damages to non-responding current employees. According to plaintiffs, the difference in response rate between current and former employees necessarily reflects current employees' fear of retaliation. The Special Master considered plaintiffs' argument and rejected it, a ruling that reflects neither clear error nor abuse of discretion. Plaintiffs' objection is overruled.

3. <u>Evidentiary Rulings</u>

Plaintiffs object to several of Special Master Peterson's evidentiary rulings made before and during a hearing on Jason Fielding's claim. These include orders (a) denying plaintiffs' motion in limine to exclude evidence of overtime reported by APD CRs after July 1, 2004; (b) admitting testimony of Fielding's supervisor as to the numbers of hours he worked; and (c) admitting evidence of the number of claims Fielding closed. Plaintiffs have failed to establish that the Special Master abused his discretion or committed clear error in those rulings; consequently, I have no basis on which to disturb them. Plaintiffs' objections are overruled.

4. <u>Rejection of Late-Filed Questionnaires</u>

Plaintiffs' object to the Special Master's orders rejecting the late-filed questionnaires of two claimants, Patrick LeRoy and David Johnson. Special Master Peterson had ordered that for

any questionnaire post-marked after October 7, 2004, to be accepted, the claimant must show either "good cause" or "excusable neglect" for the late filing. LeRoy claimed "fear of retaliation" as a justification; Johnson misplaced the questionnaire and then forgot to submit it. In rejecting the two late-filed questionnaires at issue, Special Master Peterson concluded that each claimant failed to make the required showing of good cause or excusable neglect. Plaintiffs have not demonstrated that these rulings were clear error and, therefore, their objections are overruled.

     5.     <u>Requirement of Class Member Personal Appearances at Hearings</u>

Special Master Peterson issued a procedural order requiring two claimants, Scott Remus and Terry Andrews, to make themselves available for a hearing on January 20, 2005, and/or to reschedule the hearing date, or their claims would be dismissed. Andrews failed to appear,[2] and plaintiffs' counsel failed to notify the Special Master of his availability. Consistent with his earlier order, Special Master Peterson dismissed Andrews' claim.

Plaintiffs have not persuaded me that the reasonable requirement that claimants attend hearings and thus make themselves available for cross-examination amounts to an abuse of discretion. Plaintiffs' objection is overruled.

     6.     <u>Dismissal of Richard Iannetta's Claim</u>

Plaintiffs object to the Special Master's ruling that a June 27, 2003, settlement agreement and release signed by claimant Richard Iannetta in favor of defendant in an individual wrongful termination action brought by Iannetta in Michigan state court barred his claim for overtime compensation in this MDL. In the broadly-worded settlement agreement and release, Iannetta

---

[2] Plaintiffs do not say whether Scott Remus appeared for his hearing or what happened to his claim.

agreed to release "any and all claims" against defendant up to the date of the agreement, including claims for "unpaid compensation." At the time Iannetta signed the release, he was represented by counsel and was aware of and had opted into the collective action in this MDL.

The issue of the effect of the release was fully briefed by the parties and, on January 13, 2005, at the time of the hearing set for Iannetta's claim, Special Master Peterson took evidence concerning the release, including Iannetta's testimony, and heard arguments. Based on the evidence, which established that both Iannetta and his counsel were aware of the pendency of this overtime litigation when he signed the release, Special Master Peterson ruled in favor of defendant, enforcing the release and dismissing Iannetta's claim.

I have reviewed the parties' briefs and the transcript of the hearing, and find no legal error or clear factual error in the Special Master's ruling. Plaintiffs' objection is, therefore, overruled.

In summary, after thorough review of the Special Master's reports and orders, the parties' arguments, and the relevant portions of the record, I hereby ADOPT the Special Master's Report, Amended Report, and all associated Orders and Corrected Orders (## 1743, 1744, 1745, 1746, 1756, 1757, 1758). Judgment will be entered consistent with the Special Master's recommendations.

IT IS SO ORDERED.

DATED this 2nd day of May, 2005.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge